Mr. Justice Richardson
delivered the opinion of the court.
There is no doubt that trespas is a proper form of action for the injury done by seducing a wife. (1 Selwyn, 11. 5 Term. 402.) But, however unusual in practice, there is little reason in saying, that case also is not competent to he,brought.
To suppose the injury invariably done with force, is neither true nor characteristic of the act charged ; for though a misdeed, ho direct force is employed ; but the injury consists in the alienation of the affections of the wife, and the corruption of her morals. The mortification of mind, the consequent depression of the husband’s happiness, and the loss of her society, are the positive evils.
-■Besides, the proper adaptation of this form of action to the true character of the injury, there are not wanting- the opinions of writers, not the expressions of Judges to au *208 thorize the conclusion,' that case is a proper form of action. (6 East, 251, 387, 389, 391. 1 Chitty, 264. 1 Tidd, 6. Boss. & Pull. 474.)
Davis, for the motion-
MPDuffie, contra.
But supposing case the proper form of action, it was argued that a count for harboring cannot be joined ; inasmuch as the writ was expressly for criminal conversation, and no more. 1
Admitting this position to be correct; yet a variance or departure in the count from the writ must be pleaded. (1 Chitty, 623. 2 Sound. 34. 2 Wil. 96. 1 Sound. 117, n. 3.) Advantage cannot be taken of it under the general issue.— Now both these counts are in case, and in themselves they may be joined ; as both require the same plea and judg-srient, which are the true tests, whether counts are compatible; (Willes, 120. 1 Term. Rep. 274. 1 Lord Ray. 272. Even where the defendant pleads a general demur-• reí to a declaration in which there are different counts which may be joined, if one count be good, judgment must be given for the plaintiff. (1 Wil. 248. 5 Com. Dig. 474. New Rep. 43. 6 East, 333.)
In the case before us, both counts are good and may be joined, though one varies from the writ. This should have been pointed out by a special plea, which would have left the other counts good and consistent with the writ.— As they are, each is good, and the two may be joined.
There can therefore be no ground to arrest the judgment, though the defendant might have got rid oí one count, by pleading the variance from the writ.
There was a ground taken in the brief, that a count in trespass had been joined to case, but this was a mistake in fact. Such counts could not have been joined. (1 Chitty, 199.) There was also a motion for a new trial, but this was given up as untenable; ■
The motion is therefore dismissed.
Justices Golcock,Nott, Johnson, Gantt and Huger, concurred.